IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-01359-DDD-KAS

JOSEPHINE HUBCHIK, an Individual,

    Plaintiff,

v.

OWNERS INSURANCE COMPANY, a Foreign Corporation,

    Defendant.
_____

# ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

This matter is before the Court on Plaintiff's **Motion to Amend Scheduling Order to Reopen Limited Discovery, Supplement the Expert Report of Abigaile Bergum, and File 702 Motion re: Stephen Plitt** [#107] (the "Motion"). Defendant filed a Response [#118] in opposition to the Motion [#107], and Plaintiff filed a Reply [#121]. The Court has reviewed the briefs, the entire case file, and the applicable law. For the reasons set forth below, the Motion [#107] is **GRANTED in part and DENIED in part**.

## I. Background

For purposes of resolving this dispute, the discovery cutoff in this case was July 22, 2024. *Minute Order* [#37]; *see also Minute Order* [#72] (extending the discovery deadline to September 13, 2024, for the sole purpose of taking a deposition unrelated to the present dispute). One month later, on August 23, 2024, the parties filed seven Fed. R. Evid. 702 motions. *See* [#73, #74, #75, #76, #78, #81, #83]. At a Discovery Hearing held that same day, the Court granted the entirety of Defendant's Motion to Complete

Two Items of Discovery Out of Time [#57], including setting a deadline of September 30, 2024 "to supplement disclosures, including expert reports." *Minutes* [#80].

On September 17, 2024, Defendant's adjuster, Tanya Churchwell ("Churchwell"), sent a letter to Plaintiff's attorneys denying all coverage for Plaintiff's insurance claim based on (1) assertions of "noncooperation" due to Plaintiff not attending a psychological examination, and (2) purported violation of the insurance Policy's "fraud" clause. *Pl.'s Ex. 1* [#107-1]. On September 20, 2024, Defendant filed a Motion for Leave to File Amended Answer to Plaintiff's Complaint [#95] to assert new defenses of failure-to-cooperate and fraud. On September 30, 2024, Defendant timely disclosed a supplemental report from its insurance expert, Stephen Plitt ("Plitt"). *Pl.'s Ex. 2* [#107-2]. The report generally discusses his opinions regarding industry standards relating to Plaintiff's potential breach of the Policy's conditions, including the failure-to-cooperate and fraud provisions. *See id.*

Plaintiff filed the present Motion [#107] on October 8, 2024, seeking to conduct discovery into these new developments, which had occurred after the discovery cut-off. Specifically, Plaintiff asks the Court for the following relief: (1) leave to reopen the depositions of Defendant's adjuster Ms. Churchwell and the Rule 30(b)(6) deposition of Defendant, limited to two hours each, to obtain testimony about Defendant's post-discovery cut-off conduct and its new denial of Plaintiff's UIM claim; (2) permission to supplement the report of Abigaile Bergum ("Bergum"),[1] Plaintiff's insurance industry standards expert, following those two depositions; and (3) leave to file an additional Rule

---

[1] The Court notes that the spelling of Ms. Bergum's first name is inconsistent in the briefs, sometimes spelled as "Abigaile" and sometimes spelled as "Abigail." *See, e.g.*, *Motion* [#107] at 1, 3, 6-8.

2

702 motion pertaining to Defendant's expert Mr. Plitt's new supplemental report disclosed on September 30, 2025, after the deadline to file Rule 702 motions. *Motion* [#107] at 2-3.

Since the Motion [#107] was filed, several further developments have occurred. First, on December 17, 2024, Defendant was granted leave to amend its Answer to regarding its failure-to-cooperate and fraud defenses. *Order* [#124]; *Am. Answer* [#125]. In granting the request, the Court noted: "To the extent the amendments' timing necessitates limited discovery in connection with Defendant's affirmative defenses, Plaintiff may seek leave to conduct that discovery." *Order* [#124] at 10. Second, on January 28, 2025, Plaintiff was permitted leave to amend her Complaint "to add a common law bad faith claim premised on Defendant's conduct related to the May 8, 2024 letter," which relates to Defendant's failure-to-cooperate defense. *Order* [#127] at 3. In recommending that this portion of Plaintiff's requested amendments be granted, the Court stated:

> Thus, there was no opportunity for either side to conduct any potentially necessary discovery into this claim before Plaintiff filed this Motion [#38] [on May 8, 2024]. In other words, this part of the claim was new to both Plaintiff and Defendant and could not have previously been addressed by either side through either fact discovery or expert discovery. To the extent either side believes that limited additional discovery is required based on this claim, the parties may individually or jointly make a prompt request to the Court by way of a written motion, which, if good cause is shown, will cure any possible prejudice.

*Recommendation* [#119] at 12. Third, also on January 28, 2025, the District Judge issued rulings on the pending Rule 702 motions, which, in relevant part, mostly denied the parties' cross-motions to strike each other's experts, i.e., Plaintiff's expert Ms. Bergum and Defendant's expert Mr. Plitt, on insurance industry customs and their application to

this case. *Order* [#128] at 10-12, 17-18.

## II. Analysis

The Court first addresses Plaintiff's request for leave to reopen the deposition of Defendant's adjuster Ms. Churchwell and the Rule 30(b)(6) deposition of Defendant, limited to two hours each, to obtain testimony about Defendant's post-discovery cut-off conduct and its new denial of Plaintiff's UIM claim based on purported noncooperation and fraud. The Court then separately addresses Plaintiff's request for permission to supplement the report of Ms. Bergum, Plaintiff's insurance industry standards expert, following those two depositions. Finally, the Court addresses Plaintiff's request for leave to file an additional Rule 702 motion pertaining to Defendant's expert Mr. Plitt's new supplemental report.

**A.   Extension of Discovery Deadline**

**1.   Good Cause**

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "In practice, this standard requires the movant to show the scheduling deadlines cannot be met despite the movant's diligent efforts." *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 988 (10th Cir. 2019) (internal quotations and citations omitted). The "good cause" standard "obligates the moving party to provide an adequate explanation for any delay." *Id.* (internal quotations and citation omitted).

Trial courts have "considerable discretion" in determining what satisfies "good cause." *Id.* (citing 3 JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE-CIVIL § 16.14[1][b] (3d ed. 2019)). "Good cause is likely to be found when the moving party has been

generally diligent, the need for more time was neither foreseeable nor its fault, and refusing to grant the continuance would create a substantial risk of unfairness to that party." *Id.* (internal quotations, modification, and citation omitted). Trial courts must also consider the "possible prejudice to the party opposing the modification." *Id.* (citing *Ingle v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification.")). Finally, an attorney's "mere failure" to "proceed promptly with the normal processes of discovery and trial preparation" does not support good cause. *Id.* (citing *Dag Enters., Inc. v. Exxon Mobil Corp.*, 226 F.R.D. 95, 105 (D.D.C. 2005)).

"Discovery plays an important role in our adversarial system: full development of the facts surrounding a matter furthers 'the purpose discovery is intended to serve—advancing the quest for truth.'" *Trujillo v. Bd of Educ. of Albuquerque Pub. Schs.*, Nos. Civ. 02-1146 JB/LFG, Civ. 03-1185 JB/LFG, 2007 WL 1306560, at *2 (D.N.M. Mar. 12, 2007) (quoting *Taylor v. Illinois*, 484 U.S. 400, 430 (1988)). Additionally, discovery requires "[a] spirit of cooperation between opposing counsel[,]" which "generally results in the filing of fewer discovery motions, reduction in the costs of litigation, and conservation of limited judicial resources." *Mann v. Fernandez*, 615 F. Supp. 2d 1277, 1284 (D.N.M. 2009). "Determining whether to reopen discovery requires striking a delicate balance between the interests of efficiency and accountability on the one hand, and a recognition of the importance of discovery for resolving cases on the merits on the

5

other." *Id.*

"Whether to extend or reopen discovery is committed to the sound discretion of the trial court[.]" *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987). The Tenth Circuit has identified six factors for courts to consider when deciding whether to reopen discovery: (1) whether trial is imminent; (2) whether the request is opposed; (3) whether the non-moving party would be prejudiced; (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court; (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court; and (6) the likelihood that the discovery will lead to relevant evidence. *Id.*

Here, the parties agree that the first factor weighs in favor of allowing discovery to be reopened. *Motion* [#107] at 5; *Response* [#118] at 12. No trial date is set, and neither is a Final Pretrial Conference or Trial Preparation Conference. Allowing a limited extension of the discovery cut-off is unlikely to significantly impact trial dates. Thus, this factor weighs in favor of allowing discovery to be reopened.

The second factor weighs against reopening discovery. Defendant opposes Plaintiff's requests based on its evaluation of the remaining factors below, including that allowing further discovery would "impose additional, unnecessary costs on [Defendant] and its employees" and that Plaintiff was purportedly not diligent in making her request. *Response* [#118] at 10.

The third factor weighs in favor of allowing the reopening of discovery. The only prejudice to which Defendant points here is an increased expenditure of time and costs. *Response* [#118] at 7, 10. Defendant calls these expenditures "unnecessary," but that is

6

for the Court to decide in its adjudication of the present Motion [#107]. *Id.* at 10. Although any expenditure of time and costs may be deemed to have *some* prejudicial effect, the normal expenditure of time and costs in litigation is not *unduly* prejudicial.

The fourth factor—whether Plaintiff, as the movant, was diligent in obtaining discovery within the Court's set deadlines—also weighs in favor of reopening discovery. The discovery deadline expired on July 22, 2024. *Minute Order* [#37]. Defendant denied Plaintiff's UIM claim on September 17, 2024, through a letter sent by Defendant's adjuster, Ms. Churchwell. *Pl.'s Ex. 1* [#107-1]. Defendant's request to amend its answer to add its failure-to-cooperate and fraud defenses was granted on December 17, 2024. *Order* [#124]; *Am. Answer* [#125]. Given that these events occurred after the close of discovery, the Court finds that Plaintiff did not fail to be diligent by not seeking discovery on these events prior to July 22, 2024.

The fifth factor—the foreseeability of the need for additional discovery in relation to the time allowed for discovery—also weighs in favor of reopening discovery. Through her counsel, Plaintiff concedes that she "suspected that [Defendant's] [later] actions were where [Defendant] was going with this case," but she avers that she "could not actually know what [Defendant] would ultimately do, or conduct discovery into [Defendant's] actions, until [Defendant's] conduct occurred." *Reply* [#121] at 4. The Court agrees. Taking discovery regarding events which had not yet happened, such as the denial of Plaintiff's UIM claim on September 17, 2024, or on affirmative defenses which had not yet been made, like those the Court allowed Defendant to add on December 17, 2024, would be impossible, even if Plaintiff foresaw Defendant's likely litigation strategy, which

ultimately may or may not have ever come to pass. Moreover, when the Court granted Defendant's request to add affirmative defenses, it explicitly noted that discovery on those defenses might be required to mitigate any prejudice to Plaintiff. *Order* [#124] at 10.

Finally, the sixth factor—the likelihood that discovery will lead to relevant evidence—weighs in favor of reopening discovery. Plaintiff asks the Court to allow the limited reopening of discovery to allow her to depose Ms. Churchwell, as Defendant's adjuster, for two hours, and to conduct a Rule 30(b)(6) deposition of Defendant, also for two hours, to explore (1) Defendant's conduct related to its demands for a psychological examination of Plaintiff (which relates to Defendant's noncooperation defense); (2) Defendant's use of Colo. Rev. Stat. § 10-3-1118 to compel the psychological examination; (3) Defendant's decision not to move under Rule 35 instead for the psychological examination; (4) the reasons for Defendant's subsequent denial of Plaintiff's claim; (5) Defendant's assertions that Plaintiff and her attorneys have failed to cooperate, have violated policy provisions, and have committed fraud; and, (6) related to all of the foregoing, the new defenses Defendant asserts in its Amended Answer [#125]. *Motion* [#107] at 6. While the Court notes that some of these topics are likely subject to attorney-client privilege objections because they pertain to Defendant's litigation strategy, these topics overall directly concern Defendant's new affirmative defenses and the events that occurred after discovery closed.

After weighing the relevant factors, the Court concludes that good cause exists to amend the Scheduling Order to allow the limited reopening of discovery.

### 2. Excusable Neglect

The parties dispute whether the "excusable neglect" standard of Fed. R. Civ. P. 6(b) applies here, given that Plaintiff's request to reopen discovery was made after the deadline had passed. *Response* [#118] at 4 (citing several district court decisions from outside of the District of Colorado in support of Defendant's argument that it does apply); *Reply* [#121] at 2-5 (Plaintiff arguing that the standard is inapplicable under the current circumstances). The Tenth Circuit Court of Appeals has not directly ruled on whether Rule 6(b) applies to extensions of deadlines set in scheduling orders, although court decisions suggest that Rule 6(b) may not be applicable to such circumstances. *See, e.g.*, *White Way, Inc. v. Firemen's Ins. Co. of Wash., D.C.*, No. 22-2195-KHV-RES, 2022 WL 17177371, at *3 n.4 (D. Kan. Nov. 23, 2022) (discussing *Tesone v. Empire Marketing Strategies*, 942 F.3d 979, 989 (10th Cir. 2019), and surveying district court cases); *see also Destra v. Demings*, 725 F. App'x 855, 859 (11th Cir. 2018) (holding that only Rule 16(b), and not the more general Rule 6(b), standard applies "[w]hen a deadline appears in a scheduling order and a motion [for extension] is filed after the deadline") (citing *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 n.2 (11th Cir. 1998)).

In *Utah Republican Party v. Herbert*, the Tenth Circuit noted that "good cause" is a higher standard than "excusable neglect," although the two standards are "interrelated." 678 F. App'x 697, 700 (10th Cir. 2017) (quoting *Broitman v. Kirkland (In re Kirkland)*, 86 F.3d 172, 175 (10th Cir. 1996) ("'[G]ood cause' requires a greater showing than 'excusable neglect.'")). In fact, the "good cause" standard appears to generally encompass the "excusable neglect" standard. *Id.* (quoting *Broitman*, 86 F.3d at 175

("Without attempting a rigid or all-encompassing definition of 'good cause,' it would appear to require *at least as much* as would be required to show excusable neglect." (internal quotation marks omitted)). "The existence of excusable neglect is an equitable inquiry, requiring consideration of all of the relevant circumstances." *Livingston v. Univ. of Kan. Hosp. Auth.*, 844 F. App'x 82, 84 (10th Cir. 2021). The factors most commonly considered in making this determination are: (1) the danger of prejudice to the non-movant; (2) the length of the delay and any potential effect on the proceedings; (3) the reasons underlying the delay, including whether the movant had reasonable control over the delay; and (4) the movant's good faith. *Id.* (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

The Court assumes for purposes of resolving the present Motion [#107] that the "excusable neglect" standard applies. As noted above, there is no indication that Defendant will be subject to undue prejudice by allowing Plaintiff some additional discovery. Further, the timing of the delay was not unreasonable and is unlikely to have a significant impact on future proceedings. In addition, the reasons for the delay were largely due to the timing of Defendant's denial of Plaintiff's UIM claim and the timing of Defendant's new affirmative defenses in this case, over which Plaintiff had no direct control. Finally, the Court finds that Plaintiff has not engaged in any bad faith conduct and that there is every indication that Plaintiff's current request for the reopening of discovery has been made in good faith. Thus, Plaintiff has demonstrated excusable neglect, to the extent this standard may apply.

Accordingly, the Motion [#107] is **granted in part** to the extent that Plaintiff asks

the Court to allow the limited reopening of discovery to allow her to depose Ms. Churchwell, as Defendant's adjuster, for two hours, and to conduct a Rule 30(b)(6) deposition of Defendant. These depositions shall take place **within 21 days** of the date of this Order.

**B.     Extension of Expert Report Deadline**

Next, Plaintiff asks for permission to supplement the report of Ms. Bergum, Plaintiff's insurance industry standards expert, after Ms. Churchwell's supplemental deposition and Defendant's supplemental rule 30(b)(6) deposition. For the same reasons discussed in Section II.A. above, the Court finds that Plaintiff has shown both good cause and excusable neglect here. Further, the Court notes that Defendant's September 30, 2024 supplemental expert report from Mr. Plitt is essentially an affirmative expert report providing opinions on Defendant's new affirmative defenses, on which Defendant has the burden of proof. *See, e.g.*, *Ward v. Nat'l Credit Sys., Inc.*, No. 21-cv-02597-NYW-JPO, 2025 WL 370373, at *9 (D. Colo. Feb. 3, 2025) (noting that a party asserting an affirmative defense has the burden of proof on that defense at trial). Plaintiff should be permitted, therefore, to supplement the expert report of her insurance industry standards expert to rebut Mr. Plitt's opinions regarding Defendant's new affirmative defenses.

Accordingly, the Motion [#107] is **granted in part**, to the extent that Ms. Bergum may supplement her report **within 42 days** of the date of this Order, which will give her approximately 21 days after the depositions are completed.

**C.     Extension of Rule 702 Motion Deadline**

Finally, Plaintiff requests leave to file an additional Rule 702 motion pertaining to

11

Defendant's expert Mr. Plitt's new supplemental report disclosed on September 30, 2024, which was after the deadline to file Rule 702 motions. The District Judge has already ruled on Plaintiff's Rule 702 motion regarding Mr. Plitt's report made prior to its later supplementation. *Order* [#128] at 10-12. Therein, the District Judge noted that "Mr. Plitt is qualified to offer expert testimony on his understanding of insurance industry customs and how they apply to the facts of this case[.]" *Id.* at 11-12. He also noted that the majority of Plaintiff's objections to Mr. Plitt's testimony were "primarily disagreements with his conclusions" but determined that "these concerns are better addressed through cross-examination than through a motion to exclude his testimony." *Id.* at 11. In fact, the District Judge only limited Mr. Plitt's testimony in two respects, first barring him from testifying that "Defendant's expert reports are more reliable because they are longer," and second barring him from testifying about whether "Plaintiff violated the terms of her insurance contract or [to] offer any view on the legal meaning of" certain terms. *Id.* at 10-11.

In light of these holdings (which would certainly apply to Mr. Plitt's supplemental report as well), the Court finds that Plaintiff has not adequately demonstrated the need for an additional Rule 702 motion as to Mr. Plitt's supplemental report. Plaintiff merely seeks leave, "if she decides it is necessary and appropriate, to file an additional Rule 702 Motion related to Mr. Plitt's supplemental report after" she deposes Ms. Churchwell and Defendant again. *Motion* [#107] at 6. However, Plaintiff has not even made a prima facie showing in her briefs regarding why she believes at this time that a new Rule 702 motion addressing Mr. Plitt's new opinions may be necessary, despite having his supplemental report in hand prior to the filing of the Motion [#107]. In the absence of such a showing,

12

the Court cannot find good cause for even a limited extension of the deadline to file Rule 702 motions.

Accordingly, the Motion is **denied** to the extent that Plaintiff requests leave to file an additional Rule 702 motion pertaining to Defendant's expert Mr. Plitt's supplemental report disclosed on September 30, 2024.

### III. Conclusion

Based on the foregoing,

IT IS HEREBY **ORDERED** that the Motion [#107] is **GRANTED in part and DENIED in part**. The Motion is **granted** to the extent that Plaintiff asks the Court to permit the limited reopening of discovery to allow her to depose Ms. Churchwell for two hours and to conduct a Rule 30(b)(6) deposition of Defendant, also for two hours. These depositions shall take place **within 21 days** of the date of this Order. The Motion is further **granted** to the extent that Ms. Bergum may supplement her report **within 42 days** of the date of this Order. The Motion is otherwise **denied**.

IT IS FURTHER **ORDERED** that the dispositive motion deadline is extended to **56 days after** the date of this Order. *See Minute Order* [#134].

IT IS FURTHER **ORDERED** that Plaintiff's **Motion to Conduct Additional Discovery Under Fed. R. Civ. P. 56(d) Prior to Responding to Defendant's Motion for Summary Judgment (ECF 132)** [#135] is **GRANTED**. Therein, Plaintiff asks the Court for leave to conduct the discovery requested in the earlier Motion [#107], as resolved by the Court above, before having to file a Response to Defendant's Motion for Complete Summary Judgment [#132], which was filed prior to the previously-vacated

dispositive motions deadline. The Court has reviewed Defendant's Response [#139] in opposition to that Motion. Because the Court is granting Plaintiff leave to conduct additional discovery pursuant to this Order, discovery which could impact resolution of the Motion for Complete Summary Judgment [#132], the Court finds it appropriate to allow that discovery to be conducted before Plaintiff is required to respond to the dispositive motion. Accordingly,

IT IS FURTHER **ORDERED** that the deadline for Plaintiff to file a Response to Defendant's Motion for Complete Summary Judgment [#132] is extended to **63 days after** the date of this Order.

Dated:   April 9, 2025

BY THE COURT:

Kathryn A. Starnella
United States Magistrate Judge